# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRIAN O'NEAL ELLIOTT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:17-cv-00250** |
| | ) | **Judge Trauger** |
| **KEVIN GENOVESE, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. On November 29, 2017, the court denied Brian O'Neal Elliot's petition for the writ of habeas corpus, dismissed this action, and denied a certificate of appealability. (Doc. No. 18.) Pending before the court is the petitioner's Motion for Relief from Judgment Under Rule 60(b)(6) and/or 60(d)(1) ("Rule 60 motion"). (Doc. No. 20.) The respondent filed a response. (Doc. No. 21.) For the following reasons, the court concludes that the petitioner's Rule 60 motion is substantively a second or successive habeas petition, and the court, therefore, must transfer the motion to the Sixth Circuit Court of Appeals.

## I.    Background

In his *pro se* habeas corpus petition, the petitioner raised six claims for ineffective assistance of trial counsel ("IATC"). (Doc. No. 6 at 4.) In the one claim relevant to the pending Rule 60 motion, the petitioner asserted that "Trial Counsel was ineffective for failing to adequately investigate the case and inform the Petitioner of his purported trial strategy." (*Id.*) The court included a "difficult to discern" sub-claim in its consideration of this claim. (Doc. No. 17 at 14.) Specifically, the court considered as part of this claim the petitioner's assertion that trial counsel

was ineffective for "failing to advise him that the statement his minor niece, who was present at the shooting, gave to police was inadmissible because it was obtained from her without a parent or attorney present." (*Id.*)

Although the respondent argued that this sub-claim should have been denied because it was procedurally defaulted, the court explicitly disregarded any procedural default of this sub-claim and considered it on the merits. (*Id.*) The court then denied this sub-claim as follows:

> With respect to his contention that trial counsel was ineffective for failing to advise him that his niece's statement to the police would have been inadmissible at trial because the police questioned her without a parent or attorney present, the petitioner does not set forth any legal authority to support this contention, nor does he suggest what legal authority gives him standing to argue that the police questioning of his minor niece violated her rights, thereby rendering her statements inadmissible. *See e.g. United States v. Nobles*, 422 U.S. 225, 234 (1975) (recognizing that "the Fifth Amendment privilege against compulsory self-incrimination, being personal to the defendant, does not extend to the testimony or statements of third parties called as witnesses at trial.")
>
> In any event, the [Tennessee Court of Criminal Appeals ("TCCA")] has long held that even the admissibility of a juvenile's confession is not dependent upon the presence of his or her parents or an attorney at the interrogation. *See State v. Rushing*, No. M2003-00101-CCA-R3CD, 2004 WL 784869, at *8 (Tenn. Crim. App. Apr. 12, 2004) (citing cases). Indeed, the presence of a parent or counsel is but one consideration that the state court will consider when determining the admissibility of a juvenile's confession, and the TCCA has held that "no single factor [including the presence of an interested adult] . . . should by itself render a confession unconstitutional absent coercive police activity." *State v. Carroll*, 36 S.W.3d 854, 864 (Tenn. Crim. App. 1999) (citing *State v. Callahan*, 979 S.W.2d 577, 583 (Tenn. 1998). Thus, while there may be factors courts must consider in determining the admissibility of a minor witness's statements, there is no support for the petitioner's contention that his teenage niece's statement would have been inadmissible just because the police questioned her without a parent or attorney present. Accordingly, trial counsel cannot have been ineffective on this basis and the petitioner is not entitled to relief.

(*Id.* at 16–17.)

The petitioner did not appeal the denial of his habeas corpus petition, and the court received his Rule 60 motion on July 5, 2018. (Doc. No. 20.)

## II.     Rule 60 Motion

Although the petitioner cites to both Rule 60(b) and Rule 60(d) in the title of the pending motion, his only argument in the motion is based on Rule 60(b). (Doc. No. 20 at 1, 3.) Rule 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceeding" for five specified reasons, Fed. R. Civ. P. 60(b)(1)–(5), or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

This action is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Harrington v. Richter*, 562 U.S. 86, 97 (2011). Under AEDPA, a district court does not have jurisdiction to consider a petitioner's "second or successive" habeas petition unless the petitioner first obtains authorization from the Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007). In *Gonzalez v. Crosby*, the United States Supreme Court held that, in some circumstances, a Rule 60(b) motion filed in a Section 2254 action may be subject to AEDPA's restrictions on "second or successive" habeas petitions. 545 U.S. 529–30 (2005). That is because "Rule 60(b) motions and motions to amend may not be used as vehicles to circumvent the limitations that Congress has placed upon the presentation of claims in a second or successive application for habeas relief." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 531–32). Thus, "when faced with what purports to be a Rule 60(b) motion or a motion to amend, federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Id.* (citing *Gonzalez*, 545 U.S. at 531–32).

The Sixth Circuit explained the difference between a "true" Rule 60(b) motion and a "second or successive" habeas application as follows:

> A petitioner's Rule 60(b) motion is a "second or successive" habeas application "when it 'seeks vindication of' or 'advances' one or more 'claims.'" *Post v.*

> *Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 531–32). A "claim," in turn, "is 'an asserted federal basis for relief from a state court's judgment of conviction.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 530). For example, a habeas petitioner's Rule 60(b) motion advances claims "when [the petitioner] seeks to add a new ground for relief or seeks to present 'new evidence in support of a claim already litigated.'" *Moreland*, 813 F.3d at 322 (quoting *Gonzalez*, 545 U.S. at 531). By contrast, a petitioner does not seek to advance new claims "when [his] motion 'merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Post*, 422 F.3d at 424 (quoting *Gonzalez*, 545 U.S. at 532 n.4).

*Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016).

In his Rule 60 motion, the petitioner raises two issues regarding his niece's statement to the police. (Doc. No. 20 at 2.) First, he re-asserts the sub-claim raised in his original petition—that trial counsel was ineffective for "failing to advise him that his niece's statement to the police would have been inadmissible at trial because the police questioned her without a parent or attorney present." (Doc. No. 20 at 2.) At stated above, the court dismissed this claim on the merits. (Doc. No. 17 at 16–17.) A petitioner's Rule 60(b) motion "can . . . be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532 (footnote omitted). Accordingly, the first aspect of the petitioner's Rule 60 motion is properly considered a second or successive habeas application. *Gonzalez*, 545 U.S. at 531–32.

The second aspect of the petitioner's motion constitutes a second or successive claim for habeas review as well. He argues that his niece's statement would also have been inadmissible at trial because the police's activity was coercive due to the fact that his niece "was not competent to even give a coherent statement at the time." (Doc. No. 20 at 2.) The petitioner contends that trial counsel was ineffective for not challenging the admissibility of his niece's statement for this reason, and that his post-conviction counsel was ineffective for failing to present proof regarding trial counsel's ineffectiveness in this regard. (*Id.*) In support of this claim, the petitioner attached

forty-five pages of his niece's medical records.[1] (*Id.* at 6–50.) He did not raise this issue in the original petition. Whether the court considers this a new, separate claim for relief, or considers it new evidence in support of the previously-litigated sub-claim, the petitioner is making a "claim" for AEDPA purposes. *Moreland*, 813 F.3d at 322–23 (citing *Gonzalez*, 545 U.S. at 530–32).

Where, as here, a petitioner files what is substantively a "second or successive" habeas petition without first obtaining authorization from the Court of Appeals, the district court must transfer the petition to the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) ("*Sims* instructs district courts to transfer only 'successive' petitions to our court for want of jurisdiction under 28 U.S.C. § 1631 rather than dismiss them outright."). Accordingly, the court will transfer the motion to the Sixth Circuit Court of Appeals for consideration as an application for permission to file a second or successive petition.

## III.    Placement of Attached Records Under Seal

As stated above, the petitioner attached to the Rule 60 motion forty-five pages of his niece's medical records. (Doc. No. at 6–50.) There is a "'strong presumption in favor of openness' as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Thus, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). In doing so, the court must balance the strong public interest in

---

[1] For the reasons stated below, these records will be placed under seal.

accessing the "evidence and records . . . relied upon in reaching" judicial decisions, *id.* at 305 (quoting *Brown & Williamson*, 710 F.2d at 1181), with the privacy interests of innocent third parties, including whether a third party's information is protected from disclosure by statute or regulation. *Id.* at 308. The Sixth Circuit has emphasized that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Id.* at 308 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (collecting cases) ("[T]rial courts have always been afforded the power to seal their records when interest of privacy outweigh the public's rights to know.").

Here, the records attached to the petitioner's motion disclose the full name of the petitioner's niece on nearly every page. (Doc. No. 20 at 6–50.) On direct appeal, however, the TCCA referred to the petitioner's niece as "P.E.," in compliance with its policy "to refer to minor victims of sexual crimes by their initials." *State of Tennessee v. Elliott*, No. M2014-00083-CCA-R3-CD, 2014 WL 5242610, at *1 n.1 (Tenn. Crim. App. Oct. 15, 2014). And on post-conviction appeal, the TCCA referred to her simply as "the Petitioner's niece" or "his niece." *Elliott v. State of Tennessee*, No. M2015-020000-CCA-R3-PC, 2016 WL 4039586, at *1–2 (Tenn. Crim. App. July 26, 2016). Despite its presumption in favor of open court records, the Sixth Circuit has stated that "the name of a minor victim of a sexual assault" should be maintained in confidence, and is "typically enough to overcome the presumption of access." *Shane Group*, 825 F.3d at 308 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)). This court, like the TCCA, finds it appropriate to keep the full name of the petitioner's niece confidential.

Moreover, all forty-five pages of the attached records contain the type of medical information that federal and state statutes protect from disclosure. *See Thomas v. Nationwide Children's Hosp., Inc.*, No. 2:14-cv-1236, 2018 WL 1512908, at *4 (S.D. Ohio Mar. 27, 2018)

(quoting *Law v. Zuckerman*, 307 F. Supp. 2d 705, 711 (D. Md. 2004)) ("The enactment of HIPAA ushered in a 'strong federal policy in favor of protecting the privacy of patient medical records.'"); *Givens v. Mullikin*, 75 S.W.3d 383, 407 (Tenn. 2002) (citing Tenn. Code Ann. §§ 63-2-101(b)(1); 68-11-1502; 68-11-1503) ("[T]he [Tennessee] General Assembly has enacted several statutes that expressly require a physician and others to keep a patient's medical records and identifying information confidential.").

The petitioner does not explain how he obtained his niece's records, or whether his niece agreed to have them filed as public court records. Thus, the court has no basis to conclude that the petitioner's niece waived any confidentiality protections relating to these records. *Cf. Tyson v. Regency Nursing, LLC*, No. 3:17-CV-91-DJH, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018) (citation omitted) ("[P]laintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had."). Further, the court cannot discern any public interest in the disclosure of the information contained in these records, as the court did not rely on this information in deciding the Rule 60 motion. *Cf. Shane Group*, 825 F.3d at 305 (citing *Brown & Williamson*, 710 F.2d at 1181) (noting that the public's interest is particularly focused on "evidence and records . . . *relied upon in reaching our decisions*") (emphasis added). Indeed, in this case, the public interest lies with protecting the names and medical information of minor sexual assault victims, even if some of the records relate to treatment as an adult. *Thomas*, 2018 WL 1512908, at *6 ("[T]his is a case where the public's interest lies in protecting the medical information concerning minor children."). Accordingly, the records attached to the petitioner's Rule 60 motion will be placed under seal.

**IV.    Conclusion and Order**

For these reasons, the Clerk is **DIRECTED** to place pages 6 through 50 of Docket Entry No. 20 **UNDER SEAL** by removing these pages from Docket Entry No. 20 and attaching them to Docket Entry No. 20 as a separate, sealed attachment. This will create a new docket entry at Docket Entry No. 20-1. The remaining pages of Docket Entry No. 20 (pages 1–5, 51, and 52) shall remain unsealed at the same docket entry.

The Clerk is then directed to **TRANSFER** the motion (Doc. No. 20 and Doc. No. 20-1) to the United States Court of Appeals for the Sixth Circuit, for consideration as an application for permission to file a second or successive habeas petition.

The Clerk is **DIRECTED** to ensure that the Sixth Circuit receives notice of this order.

It is so **ORDERED**.

ENTER this 9th day of January 2019.

_____
ALETA A. TRAUGER
United States District Judge